Gary House 119 N. Chautauqua P.O. Box 6 Sedan, Kansas 67361
Dear Mr. House:
As attorney for unified school district no. 286 (USD 286), you request our opinion regarding whether the use of a blue devil as a mascot by a unified school district violates the establishment clause of thefirst amendment to the constitution of the United States.
The establishment clause, made applicable to the states through thefourteenth amendment, provides "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof. . . ." U.S. Const., Amend. I. The first amendment's guarantee is more than a pledge that no single religion will be designated as a state religion.School District of City of Grand Rapids v. Ball, 473 U.S. 373, 381,105 S.Ct. 3216, 87 L.Ed.2d 267 (1985). It is also more than a mere injunction that governmental programs discriminating among religions are unconstitutional. Id. The establishment clause instead primarily proscribes sponsorship, financial support, and active involvement of the sovereign in religious activity. Id. The United States Supreme Court implemented in Lemon v. Kurtzman, 403 U.S. 602, 91 S.Ct. 2105,29 L.Ed.2d 745 (1971), a three-pronged test to be applied in determining whether legislation comports with the establishment clause. Under theLemon test: (1) the legislature must have adopted the law with a secular purpose; (2) the statute's principal or primary effect must be one that neither advances nor inhibits religion; and (3) the statute must not result in an excessive entanglement of government with religion. Lamb'sChapel v. Center Moriches Union Free School District, 508 U.S. ___,113 S.Ct. 2141, 124 L.Ed.2d 352 (1993).
In applying the first prong of the Lemon test, it is appropriate to ask whether the government's actual purpose is to endorse or disapprove of religion. Lynch v. Donnelly, 465 U.S. 668, 690, 104 S.Ct. 1355,79 L.Ed.2d 604 (1984); Wallace v. Jaffree, 472 U.S. 38, 56, 105 S.Ct. 2479,86 L.Ed.2d 29 (1985). Adoption of mascots by the school districts of the state provides an easily identifiable symbol or emblem representing the particular school district. Mascots are selected based on characteristics believed to be possessed by the representation, i.e., ferocity, determination, skill, and legendary status. The blue devil likely was selected for such reasons. Also, we doubt the blue devil carries with it the religious connotations which would necessarily convey an endorsement or disapproval of religion. See Allegheny County v. Greater PittsburghACLU, 492 U.S. 573, 616, 109 S.Ct. 3086, 106 L.Ed.2d 472 (1989) ("Although Christmas trees once carried religious connotations, today they typify the secular celebration of Christmas."); Gonzales v. NorthTownship of Lake County, Ind., 4 F.3d 1412, 1418 (7th Cir. 1993) ("[W]e are masters of the obvious, and we know that the crucifix is a Christian symbol."); Harris v. City of Zion, Lake County, Ill., 927 F.2d 1401, 1403, reh'g denied 934 F.2d 141 (7th Cir. 1991) ("[A] Latin cross is the principal and unmistakable symbol of Christianity. . . ."). Absent a showing to the contrary, we believe the blue devil was selected as the mascot for USD 286 for purely secular purposes rather than in an attempt to endorse or disapprove of religion. The action of the school district withstands review under the first prong of the Lemon test.
A review of the actual effect of the school district's action is required under the second prong of the Lemon test. The effect prong asks whether, irrespective of the government's actual purpose, the action under review in fact conveys a message of endorsement or disapproval.Lynch, 465 U.S. at 690.
 "[W]hen evaluating the effect on government conduct under the Establishment Clause, we must ascertain whether `the challenged governmental action is sufficiently likely to be perceived by adherents of the controlling denominations as an endorsement, and by the nonadherents as a disapproval, of their individual religious choices.' Grand Rapids, 473 U.S., at 390, 87 L.Ed.2d 267, 105 S.Ct. 3216." Allegheny County, 492 U.S. at 597.
The content in which the religious symbol is displayed may affect the message. Gonzales, 4 F.3d at 1421. See also Lynch, supra; AlleghenyCounty, supra. It is our understanding that the blue devil has been used as the mascot for USD 286 for more than 50 years. The blue devil is used primarily in relation to the various athletic teams of the school. It has appeared on sports uniforms and programs, as well as the school's yearbook. It is presented essentially as a caricature, much as a cartoon character, albeit a fierce one. The blue devil is a mascot and is understood to be such. We state again our doubts that a blue devil is perceived in a religious context. Individual sensitivities or preferences are not the constitutional standard. Zorach v. Clauson, 343 U.S. 306,314, 72 S.Ct. 679, 96 L.Ed.2d 954 (1952). The use of the blue devil as a mascot for a school district neither principally or primarily advances nor inhibits religion. The use of the blue devil does not violate the second prong of the Lemon test.
The final prong of the Lemon test requires a determination of whether the state action results in an excessive entanglement of government with religion. The concept of excessive entanglement is one closely tied to that of principal and primary effect. See Roemer v. Board of PublicWorks, 426 U.S. 736, 769, 96 S.Ct. 2337, 49 L.Ed.2d 179 (1976). Excessive entanglement is perhaps more simply defined as an impermissible merging or intermeddling of the proper spheres of religion and government. ACLUv. Rabun County Chamber of Commerce, 510 F. Supp. 886, 892 (N.D.Ga. 1981). A state is not permitted to engage in a "comprehensive, discriminating, and continuing state surveillance," Lemon, 403 U.S. at 619, in an attempt to verify that the actual effect does not result in an improper endorsement or disapproval of religion. See Mueller v. Allen,463 U.S. 388, 403, 103 S.Ct. 3062, 77 L.Ed.2d 721 (1983). No such surveillance occurs through the use of the blue devil as a mascot by a school district. The use of the blue devil as a mascot by the school district does not result in an unconstitutional entanglement in religion. Therefore, use of a blue devil as a mascot by a unified school district does not violate the establishment clause of the first amendment of the United States constitution.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
RTS:JLM:RDS:jm